PD-0308-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/4/2015 11:43:56 AM
Accepted 5/4/2015 4:01:41 PM
ABEL ACOSTA
CLERK

**Cause No. PD-0308-15**

In the Court of Criminal
Appeals of Texas

---

**Ex parte Byrias Roberson**,
Petitioner

---

On Review from Cause No. 02-13-00582-CR
in the Second Court of Appeals
Fort Worth, Texas

---

**State's Reply to Appellant's Petition for Discretionary Review**

---

**Maureen Shelton**
Wichita County Criminal District Attorney

**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us
900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 716-8530 fax

**Attorneys for Respondent
State of Texas**

**Oral Argument Not Requested**

FILED IN
COURT OF CRIMINAL APPEALS

May 4, 2015

ABEL ACOSTA, CLERK

**To the Court of Criminal Appeals:**

Pursuant to Rule 68.9 of the Rules of Appellate Procedure, the State submits its reply to Appellant's Petition for Discretionary Review. The State submits this reply to correct Appellant's mischaracterization of the facts of this case and to briefly respond to Appellant's argument.

## Statement Regarding Oral Argument

Because the Second Court of Appeals correctly applied established precedent in *Ex parte Lewis*, the State feels that oral argument is unnecessary.

## Statement of Facts

After jury selection, Donnie Cavinder, an investigator with the Wichita County Criminal District Attorney's Office, spoke with a person outside of the courtroom he believed he knew previously, based on her voir dire examination.[1] Ms. Vale corrected Investigator Cavinder that she was not Ms. Steele.[2] They exchanged pleasantries, and spoke about game warden school.[3] Investigator Cavinder then noticed that Ms. Vale had a juror badge attached to her purse, and asked her if she was on the jury.[4] When

---

[1]    III R.R. at 156.
[2]    *Id*. at 156; IV R.R. at 5.
[3]    *Id*.
[4]    III R.R. at 157.

2

she said she was, he stopped the conversation.[5]   Investigator Cavinder

said they did not discuss the case at all.[6]   Investigator Cavinder

immediately brought this exchange to the attention of the court:[7]

> INVESTIGATOR CAVINDER: … I noticed a female coming out of the courtroom, which I believed to be Ms. Steele, Juror No. 15, I believe, who had made a comment during voir dire that she recognized me or knew of me or something to that effect.

> THE COURT: Juror No. -- to be clear for the record, Juror No. 15 was released from service?

> INVESTIGATOR CAVINDER: Right.  And that's who I believed I was speaking to. And when I was starting to talk to her, she goes, No, that was Ms. Steele.  So I didn't realize at the time the lady I was talking to had actually made the jury, either, and it came up that she was the one that went to game warden school a couple years ago.  And I asked her what had happened there, and she told me she did it for two years, but it was down south of the border and it was dangerous down there and that's why she got out of it.  And we just kind of exchanged pleasantries about that.

> Nothing was brought up about the trial, the defendant, anything like that.  And then I saw her, she had a button down in her right hand next to her side.  And that's when I said, Oh, you are on the jury.  She said, yes, sir.  And I said, Okay, thank you.  We didn't discuss the case at all.[8]

---

[5]  *Id.*

[6]  *Id.*

[7]  *Id.* at 155-58.

[8]  *Id.* at 156-57.

3

Both Appellant's defense attorney and the prosecutor declined to question Investigator Cavinder, and the trial judge stated he would call Ms. Vale to testify the following day to see if she would confirm the story.[9]

The following day when Juror Vale was questioned about what she and Investigator Cavinder spoke about, she was nervous and stuttering.[10] The following exchange occurred:

THE COURT: Okay. Thank you. Did he inquire anything about this case?

JUROR VALE: From what I remember, he – he kind of made a comment about – I'm trying to – because I was heading down the stairs and he was telling me then saying about – I'm trying to remember. Let me just – I just said it was okay, but we stopped the conversation right there because he didn't realize that at point I was a juror, a selected juror, I guess.

THE COURT: You don't remember? We just have to be very specific.

JUROR VALE: I know.

THE COURT: Because it pertains to this case.

JUROR VALE: Right.

THE COURT: You're sure his question or comment pertained to this particular case?

---

[9]    *Id*. at 157.
[10]    IV R.R. at 5-6. *See* IV R.R. at 8-9 (Ms. Howcroft noted that "[s]he was clearly uncomfortable when presenting it to the court.").

4

JUROR VALE: He just said – uh, I think he said, "You were struck, but then we got you on" or something, or something to that effect, which I think – which I think – it didn't – I mean, to me, it didn't – I kinda said, okay, whatever. I'm going to leave right now.[11]

The Defendant moved for a mistrial, which was granted.[12] The trial court also noted:

THE COURT: … I'm not casting fault on Investigator Cavinder at all. I understand that was an honest mistake. I completely believe that he believed he was speaking to Ms. Steele.[13]

## Argument

There was no evidence that Investigator Cavinder or the prosecutor attempted to goad Defendant into making a mistrial motion.[14] The trial court made a credibility determination that it believed that Investigator Cavinder's actions were an honest mistake.[15] Based on the trial court's credibility findings and the *Ex parte Wheeler*[16] factors, the Second Court of Appeals found that prosecution was not barred by double jeopardy.[17]

---

[11] IV R.R. at 5-6.
[12] *Id*. at 8-9.
[13] *Id*.
[14] III R.R. at 156-59; IV R.R. at 5-9.
[15] IV R.R. at 5-6.
[16] 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).
[17] See *Ex Parte Roberson*, 455 S.W.3d 257 n.1 (Tex. App.—Fort Worth 2015) ("The Court of Criminal Appeals later limited double jeopardy relief to intentional conduct only. *Ex parte Lewis*, 219 S.W.3d 335, 336-37, 371 (Tex. Crim. App. 2007)").

*Ex Parte Lewis* overturned the ambiguity in *Bauder v. State*[18] and *Ex parte Peterson*,[19] and made clear that retrial is barred by double jeopardy after a defendant successfully moves for mistrial *only* when it is shown that the prosecutor engaged in conduct that was intended to provoke the defendant into moving for a mistrial.[20] The Court overturned *Bauder* because it was "neither consistent nor right."[21] The Second Court of Appeals correctly applied the clear-cut standard set forth in *Lewis* by using the non-exhaustive factors in *Wheeler*.[22]

Appellant asks this Court to go back to the confusing and inconsistent days after *Bauder* but before *Lewis*. The extraordinary act of overturning precedent a second time should only be exercised in the most extreme, unworkable situations. The standard set forth in *Lewis* is neither unworkable nor unfair. The *Lewis* opinion is not only correct, but has been consistently and easily applied since its issue.[23]

---

18     921 S.W.2d 696 (Tex. Crim. App. 1996).
19     117 S.W.3d 804 (Tex. Crim. App. 2003).
20     *Ex Parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).
21     *Id. at* 376.
22     *Roberson*, 455 S.W.3d at 263.
23     There was a dissent in this case, but the dissent ignored this Court's binding *Wheeler* factors (which the majority applied with ease) and advocated for a different and novel standard which has never been applied by this Court. Additionally, the dissent mischaracterized the limine ruling as an evidentiary ruling, ignored the trial court's credibility determination of Investigator Cavinder, and attempted to re-evaluate Investigator Cavinder's credibility. *Id*. at 263-68.

**Prayer**

The State prays that the Court deny Appellant's Petition for Discretionary Review and maintain its precedent in *Ex parte Lewis*.

Respectfully submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

/s/Carey Jensen
**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8177 fax

**Certificate of Compliance**

I certify that this document contains 1,154 words. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/Carey Jensen
**Carey Jensen**

## Certificate of Service

I certify that on May 4, 2015, a true and correct copy of the above document has been forwarded to Mark Briley via electronic service to Mark.Briley@co.wichita.tx.us as well as the State Prosecuting Attorney, Lisa C. McMinn, via electronic service to information@spa.texas.gov.

/s/Carey Jensen
**Carey Jensen**